IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES JENKINS, JR,** | : | |
| **Plaintiff** | : | |
| VS. | : | |
| | : | CIVIL No: 5:16-CV-0162-MTT-MSH |
| **MONROE COUNTY JAIL,** | : | |
| **Defendant** | : | |

## ORDER

This case is currently before the Court due to Plaintiff's repeated failure to comply with the orders of this Court.  On May 26, 2016, Plaintiff James Jenkins, Jr. was order to (1) recast his complaint on a standard form and (2) either pay the Court's filing fee - or a move to proceed *in forma pauperis* by submitting both a pauper's affidavit and certified copy of his trust account statement showing all activity in that account over the last six-months.  *See* Order, May 26, 2016, ECF No. 6.  Plaintiff was given twenty-one days to comply and warned that a failure to comply with an order of the court could result in the dismissal of his complaint. *Id*.  The time allowed for compliance nonetheless expired without any response from Plaintiff.  The United States Magistrate Judge thus ordered Plaintiff to show cause why his lawsuit should not be dismissed for failure to comply.  *See* Show Cause Order, July 14, 2016 (ECF No. 7).  Plaintiff was given fourteen days to respond to the Show Cause Order and advised that failure to do so would "result in the immediate dismissal of Plaintiff's Complaint, pursuant to Rule 41 of the Federal Rules of

Civil Procedure," without further warning. *Id.*

The time for filing a response to the Show Cause Order has now passed; and Plaintiff has not yet complied with either order of the Court. The Court has in fact not received any correspondence from Plaintiff since May 18, 2016.

For these reasons, and because it does not appear that the relevant two-year statute of limitations will bar the re-filing of Plaintiff's claims,[1] Plaintiff's Complaint shall be **DISMISSED WITHOUT PREJUDICE** for his failure to comply and diligently prosecute his case. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED** this 9th day of September, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff's claims arise out of conduct that was still ongoing at the time of filing, on or about May 4, 2015.